Sheafe v. Cushing.

## SHEAFE & a. *v.* CUSHING & a.

A devise to a wife, to have and hold "forever, and during her life," constitutes, in the absence of any thing to show a contrary intention on the part of the testator, a life estate.

In construing a will which contains conflicting clauses or language, those parts expressed with technical precision may be regarded as declaring the testator's intention with greater certainty than those which are less formal.

In construing the language of a will in a case of contradiction, while the whole context is to be taken together, the last clause, or branch of a clause, is deemed to show the intention of the testator with more certainty than a prior clause in the will.

The introductory clause in a will may be considered in construing the language of a devise, but it can neither enlarge the devising clause nor

Sheafe *v.* Cushing.

authorize the court to enlarge it by a rejection of the most significant part of its phraseology.

IN EQUITY. Bill, to establish the title of the plaintiffs to a parcel of land in Portsmouth, formerly owned by Edmund Q. Sheafe, and to redeem a mortgage of the premises, executed by him.

The plaintiffs claimed, as heirs at law of Susan Sheafe, the widow of Edmund Q. Sheafe, and alleged that she was seized in fee, by virtue of a devise to her by her husband, subject to the mortgage, and died intestate.

The will of Edmund Q. Sheafe, as set forth in the bill, was as follows:

"I, Edmund Q. Sheafe, being of sound and disposing mind, calling to mind the uncertainty of human life, and being desirous of settling my worldly affairs, which hath pleased God to bless me, do make public this, my last will and testament, hereby revoking all other wills and testaments by me heretofore made; and as to my estate and all the property, real, personal and mixed, of which I am seized and possessed, and to which I shall be entitled at the time of my decease, I devise and bequeath and dispose thereof in manner following:

*Imprimis.* My will is that all my just debts and funeral charges shall be paid out of my estate as soon after my decease as possible and convenient.

*Item.* I give, and devise and bequeath, to my beloved wife, Susan Sheafe, all my property, real and personal, that I now have, and that may become due to me, to have and to hold the same forever, and during her life.

I do hereby appoint my wife, Susan Sheafe, to be executrix of this my last will and testament.

In testimony whereof I, Edmund Q. Sheafe, have subscribed my name and affixed my seal, this sixth day of November, A. D. 1839, to this my last will and testament."

The mortgagee set forth the amount of the mortgage debt, and assented to a redemption.

The other defendants, heirs of Edmund Q. Sheafe, demurred to the bill.

*P. R. Freeman,* for the plaintiffs.

*Emery,* for the defendants, cited 2 Pow. Dev. 5; 2 Taunt. 109, *Leicester* v. *Biggs ;* 2 Atk. 372, *Ulrich* v. *Litchfield ;* 6 Pet. 68, *Smith* v. *Bell.*

PARKER, C. J. This will presents a singular specimen of ambiguity, leading to a suspicion that the testator may have intended so far to cover up his meaning that it would not be discovered by some person interested, who might see the will.

The only devise which it contains, and which certainly might easily have been made to express a plain meaning, either to give his wife all his property, real and personal, or to give her the use of it during her life, has all this phraseology as descriptive of the disposition he makes of his estate in her favor, as the sole devisee.

We can have no reasonable doubt, however, that it must be construed as a bequest of a life estate only to the widow. The first portion of the devising clause, " all my property, real and personal," may be regarded as merely descriptive of the property upon which the will was intended to operate, and would be equally consistent with subseqent words, which disposed of his entire interest in it, or of an interest only during the life of the devisee. "I give and bequeath to my wife all my property, real and personal, to have and to hold during her life," would, without any contradiction or ambiguity, vest in the devisee only a life estate.

The only question, considering the devising clause alone, is, whether the word " forever," interposed before

the last clause of the sentence, can change the character of the bequest to one giving a fee in the real estate, and the entire interest in the personal estate, and thus control and render nugatory what follows it.   It is quite apparent that it cannot be permitted to have any such operation, for the devise cannot be construed to give such an estate and interest without rejecting entirely the words " during her life," which are not only more explicit, to show the intention of the testator, than the word " forever," which is not the technical language to convey a fee, and is not a word expressive of a definite term.   It would serve to show the intention of the testator to give all his right and title, in the absence of something to control it. But the testator does not, of course, mean, literally, that he gives the property to his wife to hold during all coming time.   If he does not mean that, what does he mean by " forever?"   If nothing had been added, he might have been supposed to have intended to give her the entire estate, all he had to hold ;—although the hold he had upon it was fast relaxing, showing emphatically that he could neither hold himself nor communicate to another the right to hold " forever."

The subsequent part of the sentence shows what he meant by " forever,"— that is, during her life,— a very limited " forever," certainly, but as large a " forever" as she could have in which to hold any property.   In construing a will which contains conflicting clauses or language, those parts expressed with technical precision may be regarded as declaring the testator's intention with greater certainty than those which are less formal.

The lack of technical or definite certainty in the term " forever," as designating title, when any thing conflicts with it, and the certainty indicated by the words, " to hold during her life," when nothing conflicts with them but the term " forever," serve to show that if the devising clause stood alone, only a life estate would pass.

But there is another argument, leading to the same result, derived from the well settled rule that, in construing the language of a will in a case of contradiction, while the whole context is to be taken together, the last clause, or branch of a clause, is deemed to show the intention of the testator with more certainty than a prior clause in the will. There are ample authorities for this position. The precise case is put by Mr. *Preston*: "A devise to a man forever, for his life, confines the continuance of the estate to that period." 2 Prest. Est. 85. Other authorities are to the same effect. Thus, in *Sims* v. *Doughty*, 5 Ves. 246, the Master of the Rolls says: "The will upon which this suit arises is almost incomprehensible, and perfectly inconsistent with itself. The question is only, which of the testator's meanings is it my duty to adopt? The rule with regard to cases of this sort is, if, upon a general view of the will, I can collect the general intention, or any one particular object, and there are expressions in the will in some degree militating with it, if I plainly see those expressions are inserted by mistake, I may reject them; but I cannot reject any words, unless it is perfectly clear they were inserted by mistake; and if two parts of the will are totally irreconcilable, I know of no rule but by taking the subsequent words as an indication of a subseqent intention." So in *Leicester* v. *Biggs*, 2 Taunt. 109, which was a devise "to pay unto," or else "to permit and suffer" the testator's niece to receive the rents, Lord *Mansfield* said: "This case might be argued and considered forever without advancing at all in law, reason or precedent. But it happens, in this will, the last words are, "permit and suffer," which give the *cestui que trust* a legal estate; and the general rule is, that if there be any repugnancy, the first words in a deed and the last words in a will shall prevail; and, consequently, for want of a better reason, we are forced to say that we think this will gives the legal est to the party beneficially interested."

The introductory clause of this will, however, has been pressed upon our attention in a very elaborate argument on the part of the plaintiff, as evincing an intention of the testator to dispose of his whole interest; and the fact that there is no devise over, after the expiration of a life estate in the wife, has been urged as indicative of a construction in accordance with what is understood by the counsel to be the meaning of the language of the introductory clause.

There are numerous authorities regarding the effect of an introductory clause upon the subsequent language of the will in cases of ambiguity. 2 Vern. 690, *Beachcroft* v. *Beachcroft;* Cowp. 657, *Denn* v. *Gaskin;* Id. 356, *Love-acres* v. *Blight;* Doug. 734, *Right* v. *Sidebotham;* 3 Atk. 486, *Ridout* v. *Pain;* 3 Wils. 414, *Frogmorton* v. *Wright;* 5 T. R. 13, *Goodright* v. *Stocker;* 2 Preston Est. 188–206.

But the language of the introductory clause is, in this case, but little different from the language of the devise itself. The testator recites that he is desirous of settling his worldly affairs,—revokes all other wills,—" and as to my estate and all the property, real, personal and mixed, of which I am seized and possessed, and to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in manner following."

This is certainly an appropriate introduction to a disposition of all his interest in his entire property. But it by no means indicates such an intention to do this that it will authorize us to reject a material part of the devise, which follows in order that the will may have that operation. As, in the devising clause itself, this reference to all his estate and property, in the introductory part, may be but descriptive of the property which he intends to make the subject of disposition, and not of the *quantum* of interest which he designs to give in it. And when he subsequently disposes of but an estate for life, the introductory clause cannot enlarge that estate. Nor can the word

"forever" be made, by the introductory clause, to show that the testator intended to give a fee, for the reason already stated, that in order to that construction we must reject the words, "during her life," which are the last words of the testator, emphatically limiting what is given to a life estate, and incapable of being reconciled with the other, so that they may stand as a part of the will, on any construction which will pass a fee simple and the absolute interest in the personal estate. The introductory part can neither enlarge the devising clause, nor authorize the court to enlarge that clause by a rejection of the most significant part of its phraseology.

If the language of the introduction were more clearly significant of an intention, when he commenced to dispose of his whole estate, he might have changed his mind before he closed. He may have designed to satisfy some one who had an interest in the matter by the use of general terms, — assured, himself, that the last clause would determine his intention.

Our particular attention has been called also to several well settled rules of construction which are applied in cases of doubt.

It is urged that the devise is to the wife, whom the testator was bound to provide for. Admit it. He undertook to provide for her. But the questions arise, How much did he think it necessary to do for her? How much has he done? He may have thought that the use of all his property during her life was an ample provision.

It is said that that construction is to be adopted which best satisfies all the words of the will; but what would satisfy one set of words here, taken separately, will not satisfy another, also taken separately. We cannot satisfy all the words of the will by rejecting a part, particularly a significant part, and that part which from its position is presumed to express the last thoughts and intentions of the testator.

It will not do to say that the absolute estate, contended for by the plaintiffs, includes an estate for life, and so all the words are satisfied ; for, upon such a construction as that, no subsequent clause, showing that a less estate was intended to be given, would qualify preceding words extensive enough to include such lesser estate. If a fee were given by this will, there could be no life estate to include in it.

The fact that there is no devise over, will not warrant us in rejecting the words " during her life."

If we were to depart from the considerations already suggested, showing that a life estate is given, it would be to find ourselves in an utter uncertainty respecting the testator's intention, and then the heir at law could not be disinherited.    Cowp. 306, *Hogan* v. *Jackson ;*  2 B. & P. 249, *Moor* v. *Denn.*

*Bill  dismissed.*